IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SARA N. CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12cv1-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Sara N. Chandler, applied for disability insurance benefits and for supplemental security income benefits under Title II and Title XVI of the Act, 42 U.S.C. §§ 416(i), 423 and 1381 *et seq.*  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of her decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L.

is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. §

636(c), both parties have consented to the conduct of all proceedings and entry of a final

judgment by the undersigned United States Magistrate Judge.   Pl.'s Consent to

Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10).   Based on the court's

review of the record and the briefs of the parties, the Court AFFIRMS the decision of the

Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when

the person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to
> result in death or which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific

---

No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?
An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

[The court must] . . . scrutinize the record in its entirety to determine the

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

reasonableness of the [Commissioner's] . . . factual findings.   . . .   No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-one years old at the time of the alleged onset date and had completed the 10th grade.  Tr. 26 & 102.  Plaintiff's past relevant work experience was as a "hospital cleaner" and "hospital food service worker."   Tr. 26.   Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in [substantial gainful activity] since April 15, 2008, the alleged onset date." (Step 1) Tr. 21.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:   "polycystic kidney disease, mild spondylolysis of the lumbar spine, asthma, and affective depressive disorder."   *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."   *Id*.   Next, the ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)" with several limitations.   Tr. 23.   The ALJ then concluded that Plaintiff "is unable to perform any past relevant work."   (Step 4) Tr. 26.   At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers

in the national economy that the claimant can perform." Tr. 26.  The ALJ identified the following occupations as examples:  "mail clerk," "information clerk," "parking lot attendant" and "companion or sitter."  Tr. 27.  Accordingly, the ALJ determined that Plaintiff had not been under a disability from the alleged onset date, through the date of the decision.  Tr. 27.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision:  1) whether "[t]he Commissioner's decision should be reversed, because the ALJ failed to evaluate the medical opinions expressed by [] treating physician, Dr. Dyess"; 2) whether "[t]he Commissioner's decision should be reversed, because there is absolutely no support for the ALJ's [RFC] assessment . . ."; and 3) whether the ALJ "failed to fulfill her duty to develop the record by not ordering a consultative examination in this case for the purpose of establishing an appropriate RFC."  Pl.'s Br. (Doc. 12) at 6.

## V.   DISCUSSION

Plaintiff's claims are intertwined and revolve around the ALJ's rejection of Dr. Dyess's RFC assessment.  Essentially, Plaintiff argues that the process of rejection of the opinion was error, then argues that the results of the rejection left the record devoid of evidence in support of the RFC, which should have led the ALJ to order a consultative exam to create an RFC assessment.  For the purposes of clarity, the court will address Plaintiff's second and third claims together.

### A.     The rejection of Dr. Dyess's RFC assessement.

Plaintiff's first claim is that the ALJ failed to properly evaluate the medical opinions expressed by her treating physician, Dr. Dyess.  More specifically, Plaintiff asserts that the ALJ "failed to detail the weight given the conclusions of Dr. Dyess as set forth in his May 2009 Physical Capacity Assessment and Clinical Assessment of Pain Form (Tr. 25-26.)"  Pl.'s Br. (Doc. 12) at 7.  Plaintiff argues that the ALJ failed to address Dr. Dyess's opinion that Plaintiff's pain would be a distraction and cause her to miss three days of work per month.  *Id.*  However, Plaintiff then admits that the ALJ did address Dr. Dyess's opinions and rejected them as being inconsistent with his own treatment notes, but argues that was improper.

Indeed, the ALJ does expressly address Dr. Dyess's opinion regarding Plaintiff's RFC and pain.  Tr. 25.  The ALJ rejected both opinions because they were not consistent with the objective evidence of record and they were inconsistent with the doctor's treatment notes.  The ALJ points out that despite Dr. Dyess's opinion that Plaintiff suffered disabling pain, he did not prescribe Plaintiff any pain medication.

An ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at

1240-41.  In this case, the ALJ articulated good cause, in that Dr. Dyess's opinion was not consistent with the medical evidence of record, or his own treatment notes.  Plaintiff does not attack the ALJ's cause, other than to at first argue that the ALJ failed to express cause and then Plaintiff simply lists the dates Dr. Dyess treated Plaintiff and the medical tests ordered by Dr. Dyess.  That information may be relevant to the question of whether Dr. Dyess was a treating physician, something that was not an issue in this case, but it is not relevant to the question of whether the ALJ properly rejected the treating physician's opinion.  Moreover, as the Commissioner rightly asserts, all of the treatment dates listed by Plaintiff, with the exception of the 2010 x-ray, fall outside the relevant time period.

Plaintiff must set forth argument as to why the cause articulated by the ALJ was error, other than citing to the standards of weight given to the opinions of un-rejected treating physicians.  The court has reviewed the cause stated by the ALJ and finds that the decision is supported by substantial evidence.  Dr. Dyess's opinion of disabling pain and the limitations he expresses in his RFC assessment form are not consistent with his treatment notes.  Accordingly, because the ALJ articulated good cause for the rejection of the treating physician's opinion, and that determination is supported by substantial evidence, the court finds no error.

**B.    *The RFC and a consultative assessment.***

Plaintiff asserts that the Commissioner's decision should be reversed "as the record is devoid of any RFC assessments from and physicians other than Dr. Dyess, a

physician's opinion afforded no weight by the ALJ." Pl.'s Br. (Doc. 12) at 10. Plaintiff also argues that the ALJ failed to develop the record by ordering a consultative RFC assessment. *Id*. at 12-14. Defendant argues that having a completed RFC assessment by a medical professional is not a necessity and there is no error.

Plaintiff points this court to *Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003) in support of her argument that the ALJ's failure to order an RFC assessment was error. However, like many other courts, including more recent decisions from the Southern District of Alabama, "this court rejects *Coleman's* seemingly mandatory requirement that the Commissioner's fifth-step burden must be supported by an RFC assessment of a physician." *Webb v. Colvin*, 2013 WL 2567556, at *5 (M.D. Ala. June 11, 2013). *See, e.g., Packer v. Astrue*, 2013 WL 593497, at *3 (S.D. Ala. Feb.14, 2013) ("Since *Coleman*, numerous court have upheld ALJ's RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician.").

Plaintiff also argues that "the record is completely devoid of a medical assessment that supports the" specific limitations expressed in the RFC. Pl.'s Br. (Doc. 12) at 10. Because of this, Plaintiff argues that the ALJ should have developed the record by ordering a consultative RFC assessment. *Id*. at 12. The Commissioner counters this argument by setting forth the limitations expressed in the RFC and pointing to the

medical evidence of record as well as Plaintiff's testimony regarding her daily living activities in support of the formulated RFC.  Def.'s Br. (Doc. 15) at 15.

The court need not point to where in the record each limitation in the RFC is supported.  Plaintiff fails to put forth specific argument or support as to which elements of the RFC are improper, other than to argue based on Dr. Dyess's opinion (which, as discussed *supra*, was properly rejected).  Plaintiff's burden of proof rests through Step 4. *Phillips,* 357 F.3d at 1237-39.  Thus, Plaintiff must provide evidence in support of her contention that the RFC is in error and set forth why a consultative exam for the purposes of an RFC assessment was necessary in this case.

The court has reviewed the RFC determination and finds that it is supported by substantial evidence.  "The ALJ had before him sufficient medical evidence from which he could carry out his responsibility to make a reasoned determination of [Plaintiff's] residual functional capacity.  Thus, he was not required to secure from a medical source a residual functional capacity assessment."  *Webb,* 2013 WL 2567556 at *5.  *See also*, *Green v. Soc. Sec. Admin.,* 223 F. App'x 915, 923 (11th Cir. 2007) (unpublished opinion) (finding the ALJ's RFC assessment supported by substantial evidence where he rejected treating physician's opinion properly and formulated the plaintiff's RFC based on treatment records, without a physical capacities evaluation by any physician). Accordingly, the court finds no error.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.   A separate judgment will issue.

Done this 26th day of August, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE